UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

ELIZABETH REID,

    Plaintiff,

    v.                                            COMPLAINT
                                                     Case Number: 20-1406
WROUGHT WASHER MANUFACTURING, INC.,

    Defendant.

Plaintiff, Elizabeth Reid, through her attorneys, Alan C. Olson & Associates, s.c., by Alan C. Olson and Kelsey R. S. Kerr, in this Complaint alleges and shows to the Court, as follows:

**NATURE OF THE CASE**

1.    Plaintiff, Elizabeth Reid, alleges that Defendant, Wrought Washer Manufacturing, Inc. violated the Family and Medical Leave Act of 1993, ("FMLA") [29 U.S.C. § 2601, *et seq.*] by interfering with her FMLA leave and terminating her employment because of her FMLA-protected absences.

**JURISDICTION AND VENUE**

2.    Jurisdiction over Plaintiff's FMLA claim is conferred on this Court by 28 U.S.C. § 1331.

3.    The Eastern District of Wisconsin is the proper federal venue for this action pursuant to 28 U.S.C. § 1391, because Defendant resides in the Eastern District and its unlawful actions occurred in the Eastern District.

**CONDITIONS PRECEDENT**

4. All conditions precedent to this action within the meaning of Rule 9(c), Fed. R. Civ. Pro., have been performed or have otherwise occurred.

**JURY DEMAND**

5. Plaintiff demands that his case be tried to a jury of her peers.

**PARTIES**

6. Plaintiff, Elizabeth Reid ("Reid"), is an adult who resides at N3639 Adams Road, Winter, WI 54896.

7. Defendant, Wrought Washer Manufacturing, Inc. ("Wrought Washer"), is a corporation organized and existing under the laws of the State of Wisconsin for the purpose of manufacturing washers, with its principal place of business located at 2100 S. Bay Street, Milwaukee, WI 53207.

**OPERATIVE FACTS**

8. Reid commenced employment with Wrought Washer on February 2, 1997 as an Assistant Operations Manager at Franklin Tool & Die, which Wrought Washer owned.

9. Reid held several positions over the course of her employment with Wrought Washer, with her most recent promotion to New Product Development Manager in 2018.

10. In the course of her job, Reid reported to Kent Carter ("Carter"), who reported to Jeff Liter ("Liter").

11. On or about the beginning of March 2020, Reid was told by Wrought Washer to work from home as she suffers from Chronic Obstructive Pulmonary Disease, which is a lung condition making her vulnerable to viruses such as COVID-19.

12. Approximately two weeks later, Wrought Washer instructed all office employees to work from home.

13. On April 14, 2020, Reid gave notice to Wrought Washer that she had a mandatory bladder surgery scheduled for June 3, 2020 and would need up to six weeks of FMLA leave.

14. Reid's supervisors, Carter and Liter, each expressed disbelief that Reid would be taking time off.

15. On May 13, 2020, Reid's FMLA leave following her surgery was approved for June 3, 2020 to July 15, 2020.

16. On May 18, 2020, Reid's June 3$_{rd}$ surgery was cancelled due to the COVID-19 pandemic and as a result, Reid cancelled her surgery-related FMLA leave that was scheduled to begin on June 3$_{rd}$.

17. Reid notified Wrought Washer that the surgery would be rescheduled for September 2020 and she would need to take FMLA leave at that time.

18. Reid intended to put in the official request for the new surgery-related FMLA leave once she had an official rescheduled surgery date.

19. On May 18, 2020, Reid put in a new FMLA leave request to provide end-of-life care for her ailing mother.

20. Wrought Washer approved this end-of-life care FMLA leave request.

21. Reid ultimately did not need to take any days off under the end-of-life care FMLA leave.

22. In July 2020, Reid was instructed that she needed to return to working in the office beginning on July 15, 2020.

23. When Reid expressed concerns about her Chronic Obstructive Pulmonary Disease and asked about what COVID-19 precautions Wrought Washer had in place in the office, Reid was instructed to take vacation for a few days while they figured it out.

24. On or about July 16, 2020, Wrought Washer terminated Reid's employment, citing missed deadlines as the reason for termination.

25. Wrought Washer was covered by the FMLA.

26. Reid was entitled to leave under the FMLA.

27. Reid provided sufficient notice of her intent to take FMLA-qualifying leave.

28. During a six-week period following her September 2020 surgery, Reid intended to take FMLA-qualifying leave for her serious health condition.

29. Wrought Washer interfered with Reid's exercise of her FMLA rights.

30. Reid's protected conduct under the FMLA motivated Wrought Washer to terminate Reid's employment.

31. Wrought Washer's termination of Reid has caused her monetary and non-monetary damages.

**FIRST CLAIM FOR RELIEF**
**FAMILY AND MEDICAL LEAVE ACT**
**RETALIATION § 2615(a)(2)**

32. As and for a first claim for relief, Reid re-asserts the allegations recited above in paragraphs 1, 4, 6-31 and fully incorporates those paragraphs herein by reference.

33. Wrought Washer violated 29 U.S.C. § 2615(a)(2) by taking the materially adverse action of terminating Reid on account of her activity that would be protected by the FMLA.

34. The allegations more particularly described above regarding the intentional discriminatory practices of Wrought Washer, were not made with good faith or reasonable

grounds for believing that the conduct did not violate the Family Medical Leave Act of 1993, [29 U.S.C. § 2601, *et seq.*]

35. Wrought Washer's violation of 29 U.S.C. § 2615(a)(2) caused Reid to suffer a loss of employment compensation and other damages.

**SECOND CLAIM FOR RELIEF**
**FAMILY AND MEDICAL LEAVE ACT**
**INTERFERENCE § 2615(a)(1)**

36. As and for a second claim for relief, Reid re-asserts the allegations recited above in paragraphs 1, 4, 6-31, and fully incorporates those paragraphs herein by reference.

37. Wrought Washer deprived Reid of FMLA entitlement in violation of 29 U.S.C. § 2615(a)(1) on the basis that she was eligible for the FMLA's protections, Wrought Washer was covered by the FMLA, Reid was entitled to leave under the FMLA, she provided sufficient notice of her intent to take FMLA-qualifying leave, and Wrought Washer denied her FMLA benefits to which she was entitled.

38. The allegations more particularly described above regarding the intentional discriminatory practices of Wrought Washer, were not made with good faith or reasonable grounds for believing that the conduct did not violate the Family Medical Leave Act of 1993, [29 U.S.C. § 2601, *et. seq.*]

39. Wrought Washer's violation of 29 U.S.C. § 2615(a)(1) caused Reid to suffer a loss of employment compensation and other damages.

WHEREFORE Plaintiff demands relief as follows:

    A.    judgment against the above-named Defendant awarding Plaintiff damages equal to the amount of wages, employment benefits, and other compensation denied or lost by reason of the FMLA violation pursuant to 29 U.S.C. § 2617;

B.      judgment against the above-named Defendant awarding Plaintiff reinstatement and/or damages for monetary losses and expenses pursuant to 29 U.S.C. § 2617;

C.      judgment against the above-named Defendant awarding Plaintiff costs, disbursements, prejudgment interest, actual attorney fees and expert witness fees incurred in prosecuting this claim, together with interest on said fees pursuant to 29 U.S.C. § 2617;

D.      judgment against the above-named Defendant awarding Plaintiff an additional amount as liquidated damages equal to the sum of damages and interest pursuant to 29 U.S.C. § 2617;

E.      judgment against the above-named Defendant requiring it to reinstate Plaintiff's employment pursuant to 29 U.S.C. § 2617;

F.      such other relief as the court deems just and equitable.

Dated this 9th day of September, 2020.

/s/Alan C. Olson
Alan C. Olson, SBN: 1008953
Kelsey R. S. Kerr, SBN: 1113700
Attorneys for Plaintiff
Alan C. Olson & Associates, S.C.
2880 S. Moorland Rd.
New Berlin, WI 53151
Telephone: (262) 785-9606
Fax: (262) 785-1324
Email: AOlson@Employee-Advocates.com
Email: KKerr@Employee-Advocates.com